LAW OFFICES OF
# William L. Osterhoudt
135 BELVEDERE STREET
SAN FRANCISCO, CALIFORNIA 94117
Telephone: (415) 664-4600
Email: osterhoudtwilliam@gmail.com

May 22, 2019

Honorable William H. Alsup
United States District Judge
Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
Courtroom 12 – 19th Floor
San Francisco, CA 94102

   Re: <u>United States v. Xanthe Lam, et al., Case No. 18-0527</u>

Dear Judge Alsup:

  I represent defendant Xanthe Lam in this criminal action in which the government has charged my client with stealing and misappropriating trade secrets of Genentech, Inc. In a parallel civil proceeding, Genentech has filed suit against Xanthe Lam, her husband Allen Lam, and others, including the foreign corporation (JHL) which allegedly received and benefitted from these trade secrets. Ms. Lam denies these criminal charges and the substantially similar allegations made against her in the civil proceeding.

  I write the court out of concern that a stipulation and proposed order filed by Genentech and JHL in the civil proceeding (Doc. 197 and 197-1) adversely affects the position of my client and other individual defendants in the criminal case. In this filing, Genentech and JHL asked the court to modify its omnibus order of March 1, 2019 (Doc. 132). In the relevant portion of its March 1, 2019 order, the court ordered that any Genentech review of JHL documents take place in Taiwan, with the documents themselves unavailable to Genentech until the criminal case has been completed, and further ordered that "[t]o prevent potential abuse by the government to the extent possible … Genentech is ordered to not voluntarily provide the government with *any evidence obtained during the course of discovery* in the instant civil action." (Emphasis supplied.) These provisions were included in the court's order to protect the individual defendants in the criminal action from abuse of the civil discovery process by Genentech and the government, which have been collaborating and continue to collaborate closely in both the criminal and civil proceedings. By way of the proposed stipulation, Genentech seeks to obtain documents from JHL in the United States and to directly provide evidence obtained in the civil discovery process to the government for use in the criminal proceeding.

  Civil counsel for Xanthe and Allen Lam have filed an objection to the proposed stipulation and order, pointing out that the provisions of the March 1, 2019 order these parties wish to delete were inserted for the benefit of the individual criminal defendants and should not

be disturbed merely because Genentech and JHL have reached some form of accommodation with respect to their private commercial dispute. We believe this objection is well taken and would like to be heard on behalf of the criminal defendants, Xanthe and Allen Lam, in opposition to the requested relief. We respectfully point out that the court's order prohibited Genentech from voluntarily providing to the government "any evidence obtained during the course of discovery" in the civil action, not merely evidence consisting of documents provided by JHL at the present time. We feel this protection is necessary if the Lams are not to be crushed unfairly by the collaboration of two large and powerful entities consisting of Genentech and the government. In support of its proposal to eliminate any limitation, on its ability to funnel civil discovery to the prosecution, Genentech cites 18 U.S.C. §3771(a)(5), which provides that a "victim" of a crime may "confer" with government prosecutors. We do not believe this statute, generally invoked to ensure that crime victims are heard in connection with sentencing proceedings is applicable in these circumstances, nor do we believe that it confers on Genentech a right to make wholesale disclosure of civil discovery to the detriment of the individual criminal defendants.

      On behalf of Xanthe and Allen Lam, we respectfully request that the court afford an opportunity to be heard on this issue and to engage in any briefing that may assist the court. We note that there is a status conference scheduled in the criminal case for next Tuesday, May 28, 2019. We respectfully request that the court defer ruling on Genentech's proffered stipulation and proposed order filed in the civil case until the criminal status conference has been held.

      Thank you for your consideration of this request.

Sincerely,

*/s/ William L. Osterhoudt*
William L. Osterhoudt

WLO:smc

Sent via email:

Michelle J. Kane
Matthew A. Parrella
Ashley Riser
Julia M. Jayne
John M. Runfola
Laurel L. Headley
Ted W. Cassman
Michael Stepanian
Daniel B. Olmos
K. Alexandra McClure