WILLIAM L. OSTERHOUDT (SBN 043021)
Law Offices of William Osterhoudt
135 Belvedere Street
San Francisco, California 94117
Telephone: (415) 664-4600
Email: osterhoudtwilliam@gmail.com

K. Alexandra McClure (SBN 189679)
Law Office of Alexandra McClure
214 Duboce Avenue
San Francisco, California 94103
Telephone: (415) 814-3397
Email: alex@alexmacclure.com

Attorneys for Defendant XANTHE LAM

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **Case No. CR-18 527-WHA** |
| ) | |
| Plaintiff, ) | **Defendant Xanthe Lam's Brief** |
| ) | **Concerning Issues Raised In** |
| v. ) | **Counsel's Letter of May 22, 2019** |
| ) | |
| XANTHE LAM, ALLEN LAM, JOHN ) | |
| CHAN and JAMES QUACH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On May 22, 2019, counsel for Xanthe Lam wrote the Court a letter expressing concern about a proposed stipulation and order filed by Genentech and JHL in the parallel civil proceeding. Counsel stated that the defense should be heard concerning this proposed change in the Court's March 1, 2019 omnibus order. On May 24, 2019 the Court issued an order directing any party wishing to file a brief on the issues embraced in counsel's letter may do so until 10:00 a.m. on this day, May 28, 2019.

_____
1

*Defendant's Brief Concerning Issues Raised In Counsel's Letter of May 22, 2019,*
Case No. CR-18-527-WHA

To the best of knowledge as of this writing, no party has filed a brief as invited by this Court. Having started the matter by filing the May 22, 2019 letter to the Court, we feel an obligation to clarify the reason for our concern about the action contemplated by Genentech and the government and to respond briefly to some of the arguments raised by Genentech in the civil proceeding, in support of the proposed stipulation and order.

Briefly stated, we (the Lam defense) do not fear documents in the hands of JHL which may now be turned over to the government by Genentech if Genentech has its way. The Lams have pleaded not guilty and have raised a defense to the trade secret charges in the indictment. The defense position was and remains that the Lams did not provide document or impart information to JHL or its agents and employees, containing trade secrets of Genentech. If that is our position, why do we oppose this effort by Genentech to give over top the government they may now receive from JHL?

It is, quite simply, a question of process, and what process is due the criminal defendants in this multi-pronged attack launched against them by powerful adversaries who are clearly cooperating with one another. This Court, having heard and considered the arguments of the parties concerning potential abuse by Genentech and the government of the civil discovery process, issued a clear and decisive order precluding Genentech from "voluntarily provide[ing] to the government any evidence obtained during the course of discovery in the civil action." This order was issued on March 1, 2019 and the parties – including the Lam defense – have relied on it and assumed its continued vitality since that date. To the best of our knowledge, Genentech did not protest the order when it was issued, and only now having resolved its dispute with JHL, has resorted to its supposed victimhood in an effort to disturb the

Court's prior order. We do not believe Genentech has provided the Court with a sufficient basis to alter its March 1, 2019 omnibus order in this important respect.

In its civil filing, Genentech attempted to rely on the Crime Victim's Rights Act ("CVRA") which provides that a victim has a right "to confer with the attorney for the government in the [criminal] case", 18 U.S.C. § 3771(a)(5). This reliance is misplaced, as the thrust of the CVRA is to ensure that alleged victims of criminal conduct are able to confer with the prosecution regarding disposition of the case, plea agreements, deferred prosecutions and sentencing matters generally. The act does not purport to confer on self-described victims a right to provide the government with extensive documents it has obtained in discovery in a related civil case, in the face of a Court order precluding such provision. The cases cited by Genentech in the civil proceeding do not support its present claim. *United States v. BP Products North America, Inc.* 610 F. 2nd 655, 727 (S.D. Tex. 2009) involved the massive litigation growing out of the BP oil spill and its aftermath and particularly involved an examination of victims' opposition to aspects of the settlement of the criminal case and the financial penalties imposed on the defendant. *United States v. Ingrassia*, 2005 WL 2875220 (E.D.N.Y. September 7, 2005) actually denied victims certain rights they claimed and provided only that victims have a right to be heard "at a critical stage of *disposition* of the case." Neither of these authorities supports Genentech's position. Even if the reach of the CVRA was broad as Genentech believes, there is no reason why it should trump a district Court's protective order preventing disclosure of certain documents to the government.

In general, Courts have taken a dim view of efforts to evade protective orders such as this, which were designed to protect litigants from potentially harmful disclosure of documents. See, *Securities and Exchange Commission v. Merrill Scott and Associates, Ltd.*,

600 F. 3d 1262 (10th Cir. 2010); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* Civil Action No. 74-2451, 1976 WL 1397 (E.D. Pa. August 18, 1976). On point is the following language from United States v. Dist. Council of New York City and Vicinity of United BHD of Carpenters and Joiners of Am. No. 90 Civ. 5722 (CSH), 1992 WL 188379, at *8 (S.D.N.Y. July 30, 1992):

> Defendant is correct that protective orders have been enforced to deny the government access to civil discovery materials. District Courts have enforced confidentiality orders to prevent government investigators from gaining access to materials produced in civil discovery. *Minpeco, S.A. v. Conticommodity Services, Inc.* 653 F. Supp. 957, 959 (S.D.N.Y.), *aff'd,* 832 F.2d 739 (2d Cir. 1987); *H.L. Haydan Co. Inc. v. Siemans Medical Systems, Inc.,* 106 F.R.D. 551, 556-57 (S.D.N.Y.) 1985), *aff'd*, 797 F.2d 85 (2d Cir. 1986). When the government seeks to intervene in a civil matter between two private parties to obtain access to discovery materials, the government bears the burden of showing "exceptional circumstances" or "compelling need" to modify a confidentiality order. *In re Grand Jury Subpoena Dated April 19, 1991*, 945 F.2d 1221, 1224 (2d Cir. 1991); *Minpeco, S.A. v. Conticommodity Services, Inc.* 832 F. 2d 739, 742 (2d Cir. 1987); *Palmieri v. State of New York,* 779 F. 2d 861, 866 (2d Cir. 1985)).

Even though the Lam defense does not fear the documents in question, the process is important because this issue may arise again and in fact may arise repeatedly in the context of these parallel proceedings wherein Genentech is closely aligned with the prosecution. Therefore, the Court should not disturb its March 1, 2019 order. We have not been advised that JHL has reached a formal settlement with Genentech, but if there has been such a settlement, part of which included JHL's cooperation with the government against the Lams, we should be

//

//

//

//

---

4

*Defendant's Brief Concerning Issues Raised In Counsel's Letter of May 22, 2019,*
Case No. CR-18-527-WHA

advised of this arrangement promptly and the Court should take it into consideration in

evaluating the present proposal to modify the protective order.

Dated: May 28, 2019 				Respectfully submitted,

								William L. Osterhoudt
								K. Alexandra McClure
								Attorneys for XANTHE LAM


								*/s/ William L. Osterhoudt*
								William L. Osterhoudt