# K. ALEXANDRA McCLURE

## LAW OFFICES

214 DUBOCE AVENUE
SAN FRANCISCO CA 94103

June 6, 2019

*Via Electronic & United States Mail*

Ms. Laurie Carr Mims
Mr. Cody S. Harris
Mr. Sean M. Arenson
Keker, Van Nest & Peters
633 Battery Street
San Francisco, CA 94111

**Re:**    **Rule 45 Subpoenas to Criminal Defense Counsel in *United States v.
Lam et al.*, C-18-6582 WHA; CR-18-527 WHA**

Dear Ms. Mims, Mr. Harris and Mr. Arenson:

We are in receipt of Genentech's subpoenas issued to some of the undersigned
criminal defense counsel, William Osterhoudt, Michael Stepanian, and Julia Jayne, on
Friday May 31, 2019.[1]  Ostensibly, these subpoenas were issued pursuant to Civil Rule of
Procedure 45.  We object to the issuance of these subpoenas on the grounds that they are
unlawful.  Criminal defense counsel will not comply and pursuant to Rule 45(d)(1), we
will seek an award of costs and fees incurred in responding to these unlawful subpoenas.

You state that these subpoenas were issued based upon Judge Alsup's May 30,
2019 order modifying the omnibus and protective orders in the civil case.  (C-18-6582
WHA.)  Dkt. 212.  We do not read that order as allowing Genentech to subpoena the files
of the criminal defense counsel.[2]  For the reasons set forth below, the subpoenas are
inappropriate.  In any event, that order was stayed for fourteen days.  To the extent these
subpoenas were issued pursuant to that order, they are premature and invalid for this
reason alone.

---

[1] Counsel for John Chan, Laurel Headley and Ted Cassman, co-counsel for Xanthe Lam, K. Alexandra
McClure, and co-counsel for Allen Lam, Daniel Olmos, have not been served with subpoenas as of this
writing.

[2] The order grants Genentech permission to receive discovery provided to individual defendants.  It does
not require that defense counsel for those defendants produce it.  *Id.*

Ms. Laurie Carr Mims
Mr. Cody Harris
Mr. Sean M. Arenson
June 6, 2019
Page 2 of 3

First, the subpoenas issued to the criminal defendants' lawyers in this matter fail
to comply with Rule 45. There is no legal basis or justification offered to subpoena
*individual criminal defendants' lawyers for their own files*, as this of course creates
insurmountable ethical and legal issues for criminal defense counsel. Criminal counsel
cannot be compelled to violate their duties of loyalty and confidentiality by being called
as witnesses against their own clients. By seeking to procure documents you could easily
obtain elsewhere, Genentech attempts to put criminal defense counsel in this untenable
position. This is an unconstitutional interference with our clients' rights to counsel under
the Sixth Amendment to the U.S. Constitution. And how does Genentech plan to
authenticate these documents in the civil trial without calling the witnesses who produced
them? Criminal defense counsel, of course, do not know the source or chain of custody
of these documents and cannot authenticate them or make them admissible at the civil
trial. Calling the defendants' own lawyers as witnesses is not only unconstitutional and
unethical, it constitutes a form of harassment.

Second, the requests are overly broad and vague. You request: "All documents
produced to [the criminal defense lawyers] by the Government concerning or arising out
of the Criminal Investigation or the Criminal Action." Genentech has made no showing
that this request is material to its case. Rule 45 requires a showing of materiality as a
prerequisite. A subpoena must seek admissible documents or lead to admissible
evidence. Here, Genentech has made no particularized showing. Rather, the subpoenas
request *everything* the criminal defense lawyers have received from the government. The
request is overly broad.

Third, the subpoenas are unduly burdensome and oppressive. The government,
not individual criminal defense counsel, is in possession of the original, or "clean" copy
of the material sought by Genentech. It would create undue burden and expense to force
the criminal defense lawyers to conduct a detailed review of their files and remove
attorney work product and privileged notes/ information from the documents in order to
"produce" this discovery from our files to Genentech. A discovery request can create an
undue burden merely by requesting irrelevant information. Here, the request is broad and
nonspecific and creates an undue burden. Further, Genentech has made no showing that
the same materials cannot be obtained elsewhere, or that they are relevant.

Fourth, the requests are improper in that they seek materials to which Genentech
is not entitled such as confidential tax information, financial records, social security
numbers, health records, and/or criminal background materials, all of which are routinely
provided to defendants in criminal cases, and not, to our knowledge, to opposing parties
in civil litigation or even to purported "victims" of crime. The onus should not be placed
on the criminal defense lawyers to redact this confidential information before
"producing" it to Genentech, particularly when Genentech has made no showing that
such information is material to its case or permissible as relevant evidence.

Ms. Laurie Carr Mims
Mr. Cody Harris
Mr. Sean M. Arenson
June 6, 2019
Page 3 of 3

Fifth, the materials Genentech seeks to subpoena are subject to protective orders in the criminal case (CR-18-00527 WHA) *see* Dkt. 64, which prohibit the disclosure of "confidential material" received from the government. Thus, compliance with the subpoenas would be in violation of protective orders previously imposed by the Court.

These subpoenas are an end-run around Rule 45 and the limitations of civil discovery, and are an abuse of the litigation process by using the criminal case as a stalking horse to advance civil litigation in violation of our clients' Fifth and Sixth Amendment rights. Issuing subpoenas to criminal defendants' lawyers is improper and we request that you recall the subpoenas promptly. It is particularly troubling that this action was taken by a law firm that promotes itself as a leader in quality criminal defense. If the subpoenas are not withdrawn, we will seek an order from the Court pursuant to Rule 45(d)(1) of all costs and reasonable attorneys' fees for any litigation and all costs of our need to object to these subpoenas.

Sincerely,

*/s/ K. Alexandra McClure*
K. ALEXANDRA McCLURE
*/s/ William L. Osterhoudt*
WILLIAM L. OSTERHOUDT
Counsel for Xanthe Lam

*/s/ Michael Stepanian*
MICHAEL STEPANIAN
*/s/ Daniel Olmos*
DANIEL OLMOS
Counsel for Allen Lam

*/s/ Laurel Headley*
LAREL HEADLEY
*/s/ Ted Cassman*
TED CASSMAN
Counsel for John Chan

*/s/ Julia Jayne*
JULIA JAYNE
Counsel for James Quach

cc:   Matthew Parrella, AUSA
      Kyle Waldinger, AUSA
      Honorable William H. Alsup, United District Court Judge