IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>XANTHE LAM, ALLEN LAM, JOHN CHAN, and JAMES QUACH,<br><br>Defendants.<br>_____/ | No. CR 18-00527 WHA<br><br>**ORDER RE MOTIONS TO DISMISS AND MOTION FOR BILL OF PARTICULARS** |

## INTRODUCTION

In this criminal action for theft of trade secrets, defendants move to dismiss certain counts in the indictment. Defendants also move for a bill of particulars. For the following reasons, the motions to dismiss are **DENIED**. The motion for a bill of particulars is also **DENIED.**

## STATEMENT

Genentech, Inc. is a biotechnology corporation in San Francisco. Genetech manufactures and commercializes biopharmaceuticals for various medical conditions. Genentech has developed, manufactured, and marketed biopharmacuticals such as Pulmozyme (cystic fibrosis treatment), Rituxan (non-Hodgkin's lymphoma and chronic lymphocytic leukemia treatment), Herceptin (breast cancer and gastric cancer treatment), and Avastin (cancer treatment). JHL Biotech, Inc. is a biopharmaceutical company in Taiwan. It developed biosimilars of Pulmozyme, Rituxan, Herceptin, and Avastin (Indict. ¶¶ 1–4).

Defendant Xanthe Lam was a principal scientist at Genentech from 1986 until 2017. During this time, she allegedly, among other things, facilitated the transfer of Genentech trade secrets regarding the aforementioned drugs to JHL (*id.* at ¶¶ 5, 12).

Xanthe's husband, Allen Lam was also employed at Genentech in Quality Control from 1989 to 1998. He allegedly also facilitated the transfer of these trade secrets and served as a consultant to JHL in 2013 in exchange for fees and founder stock options (*id.* at ¶¶ 6, 13).

In 2014, Xanthe helped a family friend named John Chan get hired at JHL. From 2014 to 2016, Xanthe allegedly provided confidential Genentech documents to Chan (*id.* at ¶¶ 7, 15).

James Quach was an engineer at Genentech. Xanthe referred him to JHL for employment as an engineering manager. After he received an employment offer from JHL, Xanthe allegedly allowed him to access Genentech's secure database to download documents with Genentech trade secrets (*id.* at ¶¶ 8, 23).

Based on these allegations, defendants Xanthe, Allen, and Chan are charged with violating 18 U.S.C. § 1832(a)(5) – Conspiracy to Commit Theft of Trade Secrets (Count 1). Defendants Xanthe, Allen, and Chan are also charged with violating 18 U.S.C. §§ 1832(a)(1), (2), (3) & 2 – Theft of Trade Secrets; Aiding and Abetting (Counts 2 to 27). Defendants Xanthe and Quach are charged with violating 18 U.S.C. § 1832(a)(5) – Conspiracy to Commit Theft of Trade Secrets (Count 28); 18 U.S.C. §§ 1832(a)(1), (2), (3) & 2 – Theft of Trade Secrets; Aiding and Abetting (Counts 29 to 32); 18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse (Count 33); and with 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (ii), (iii) & 2 – Computer Fraud and Abuse; Aiding and Abetting (Counts 34 to 36). Chan now moves to dismiss Count 8 of the indictment. Xanthe and Quach move to dismiss Counts 33 to 36 of the indictment. In the event their motions are denied, Xanthe and Quach also move for a bill of particulars as to Counts 33 to 36.

**1. MOTIONS TO DISMISS.**

Federal Rules of Criminal Procedure 12 allows a party "to raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Such defenses, objections, or requests include, "(B) a defect in the indictment or information;

2

including; (i) joining two or more offenses in the same count (duplicity)" and "(v) failure to state an offense." FRCP 12(b)(3).

### A. Count 8.

Defendant John Chan moves to dismiss Count 8 on the ground that it suffers from duplicity. Charging two offenses in one count of an indictment contravenes Rule 8(a) which provides that an indictment contain a separate count for each offense. *United States v. Aguilar*, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985).

Count 8 alleges a violation of 18 U.S.C. §§ 1832(a)(1), (2), (3), & 2 – Theft of Trade Secrets; Aiding and Abetting of the trade secret: "Use of Stedim Bags." The statute states:

> (a) Whoever, with intent to convert a trade secret, that is related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly—
>
> (1) steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains such information;
>
> (2) without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information;
>
> (3) receives, buys, or possesses such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

Defendant argues that the test for determining whether a charge is duplicitous is "whether identical evidence will support each of them, and if any dissimilar facts must be proved." *United States v. Holley*, 942 F.2d 916, 928 (5th Cir. 1991). Defendant, however, fails to cite any cases that have found a single indictment alleging a violation of 18 U.S.C. § 1832(a) to be duplicitous. Rather, in *United States v. Latimore* the United States District Court for the Eastern District of Michigan found a single count alleging a violation of the statute was not duplicitous. 2010 WL 431739 at *6 (E.D. Mich. Feb. 2, 2010) (Judge Patrick Duggan). This order agrees. The indictment alleges a single offense. Each of the three subsections allege different means to commit the offense. Finding Count 8 to be duplicitous here could also lead the government to file a superseding indictment, which would present multiplicity issues. The

motion to dismiss Count 8 is thus **DENIED.** A unanimity instruction will, however, be given to the jury.

### B. Counts 33 to 36.

Defendants James Quach and Xanthe Lam move to dismiss Counts 33 to 36 of the indictment on the ground that it fails to state violations of the Computer Fraud and Abuse Act (CFAA). Count 33 of the indictment charges defendants with a violation of 18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse. Specifically, it states defendants "agreed to participate in QUACH's access Genentech's computers without authorization and exceeding authorized access, in order to steal trade secrets." Counts 34 through 36 charge defendants with violating 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (ii), (iii) & 2 – Computer Fraud and Abuse; Aiding and Abetting. Specifically, it states that defendants "downloaded from Genentech's password-protected document repository" various manufacturing protocols. 18 U.S.C. § 1030(a)(2)(C) states:

> (a) Whoever –
>
> (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains —
>
> (C) information from any protected computer;
>
> [. . .]
>
> shall be punished as provided in subsection (c) of this section.

18 U.S.C. § 1030(b) states, "Whoever conspires to commit or attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section."

Under the CFAA, our court of appeals in *Nosal I* found that the terms "without authorization" and "exceeds authorized access" do not apply to employees who have permission or authorized to access the information in question. *United States v. Nosal*, 676 F.3d 854, 864 (9th Cir. 2012). In *Nosal II*, our court of appeals found that the term "without authorization" contemplates a scenario in which a former employee who has his access revoked uses the login

4

credentials of a current employee to gain access to confidential information. *United States v. Nosal*, 844 F.3d 1024, 1038 (9th Cir. 2016).

Our situation is somewhere in between those presented in *Nosal I and Nosal II*. Here, the government has clarified that it will only proceed on the "without authorization" prong and not the "exceeds authorized access" prong. It further clarified in its opposition brief and at oral argument that the counts in question essentially pertain to instances in which Xanthe logged into Genentech's computer system, then allowed Quach (a non-Genentech employee) to use the device to access the documents. Although our court of appeals did not address this scenario in *Nosal*, a similar factual situation was alleged in the *Nosal* indictment, specifically in Count Nine that "J.F. logged on to the computer using her credentials, then handed over the computer terminal to M.J. who ran his own searches." Judge Chen, in the district court action, found the factual allegations in Count Nine to be "no different than if J.F. gave M.J. the password, and M.J. typed in the password himself," the situation that *Nosal II* found to constitute accessing "without authorization." *United States v. Nosal*, 930 F.Supp.2d 1051, 1063 (N.D. Cal. 2013) (Judge Edward Chen). This order agrees. Quach's alleged actions constitute a violation of 18 U.S.C. § 1030(a)(2)(C). Xanthe would be liable under this statute as an aider and abetter and under *Pinkerton*. Defendants' motion to dismiss Counts 33 to 36 is accordingly **DENIED**.

2. **MOTION FOR BILL OF PARTICULARS.**

Defendants have also moved for a bill of particulars on Counts 33 to 36. Specifically, defendants argue there is no evidence that Xanthe ever provided her credentials to Quach. It also points to the government's unclear language in its brief that "the Indictment alleges Quach accessed Genentech's computer system, that he did so using the login credentials provided or entered by Lam . . ." Given the government's clarification and the holding regarding the motion to dismiss, the motion for a bill of particulars as to Counts 33 to 36 is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 19, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE